TRIVELLA & FORTE, LLP
*Attorneys for the Plaintiffs*
1311 Mamaroneck Avenue, Suite 170
White Plains, NY 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO, ANTHONY D'AQUILA, MICHAEL O'TOOLE, MICHAEL BOURGAL, FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC HERBST, DENISE RICHARDSON, and THOMAS CORBETT as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund,

Case No.: 16-CV-4824

**COMPLAINT**

Plaintiffs,

-against-

NEW YORK DUMP TRUCKS, INC.

Defendant.
-------------------------------------------------------------------------------x

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, (collectively, the "Funds"), for their Complaint, by their attorneys Trivella & Forte, LLP, allege as follows:

**INTRODUCTION**

This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief,  plus interest, liquidated damages, attorneys' fees and costs under Sections

502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1381, *et seq*. ("MPPAA"), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. This action arises from the failure and refusal of Defendant NEW YORK DUMP TRUCKS, INC. ("NY DUMP TRUCKS") to (i) submit required remittance reports and contributions to the Funds, (ii) remit payment of unpaid contributions determined to be due and owing as a result of the Funds' audits of NY DUMP TRUCKS' pertinent books and records covering the period November 3, 2014 through December 27, 2015, (iii) remit payment of interest on late-paid contributions, and (iv) to remit payment of administrative fees from dishonored checks, along with associated interest, liquidated damages, and attorneys' fees and costs, as required by ERISA, the Trust Agreement governing the Funds, and the applicable collective bargaining agreement.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 502(e), 502(f), 515 and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), 1145, and 1451(c).

2. Venue lies in this District pursuant to Sections §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), as the Funds are administered in this District, and Defendant's place of business is located in this district.

## PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds and, collectively, are the "plan sponsor" within the meaning of Section 3(l6)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(2l)(A).

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37) with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042.

5. The Funds are jointly administered by a Board of Trustees, with equal representation of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. The Funds were established pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or "Union"), a labor organization representing workers in an industry affecting commerce, and various employers, including NY DUMP TRUCKS, which are required to make contributions to the Funds on behalf of their workers covered by the collective bargaining agreements.

7. The Funds are maintained pursuant to the terms of the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), which is incorporated by reference into the collective bargaining agreements. The Funds provide various pension, health and welfare, annuity, job training, vacation and sick leave, and legal services benefits to covered workers, retirees and their dependents.

8. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

9. Upon information and belief, NY DUMP TRUCKS at all times relevant to this action was and is, a New York domestic business corporation located, doing business, and having its principal place of business at 661 Burnside Avenue, Lawrence, New York 11559.

10. NY DUMP TRUCKS at all times relevant to this action was and is, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement and
the Obligations to Contribute to the Funds

11. At all times relevant to this action, NY DUMP TRUCKS was a signatory to the Metropolitan Trucker's Association & Independent Trucker's Contract in effect for the period July 1, 2012 through June 30, 2016 (the "CBA"). As a Member of the Metropolitan Truckers Association, Inc., the NY DUMP TRUCKS is further bound to a Memorandum of Agreement to extend the CBA through June 30, 2020.

12. At all times relevant to this action, NY DUMP TRUCKS agreed to be bound by the Trust Agreement, which is incorporated by reference into the CBA.

13. The CBA expressly provides that the Employer is bound to the Trust Agreement.

14. At all times relevant to this action, the CBA requires Employers, including NY DUMP TRUCKS, to submit remittance reports to the Funds which identify the employees who performed work covered by the CBA and to state the number of hours each such employee worked in covered employment.

15. Along with the remittance reports, the CBA also requires Employers, including NY DUMP TRUCKS, to remit contributions to the Funds on behalf of all employees who performed work covered by the CBA, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBA.

16. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at

4

the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment[1]; (iii) an amount equal to the greater of (a) the amount of interest charged on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

17. The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

18. Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

> (A) Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
> (B) Payroll tax records submitted to federal and state governments including Forms 941, and W-2;
> (C) Complete business income tax returns;
> (D) Cash disbursement records;
> (E) General ledgers;
> (F) Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and
> (G) Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

19. Article IX, Section 1(d) of the Trust Agreement additionally provides that pertinent books and records of an Employer include:

> the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

in 29 U.S.C. § 1301(b)(1) for withdrawal liability purposes, which includes the Employer.

20. The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBA have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits and/or credits.

21. Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

22. Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce an Employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

23. Article IX, Section 3 of the Trust Agreement, with the sanction of Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of interest on unpaid contributions at the rate of 1.5 percent per month from the date the payment was due until it is received.

24. Article IX, Section 3(c) of the Trust Agreement, with the sanction of Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires payment of additional damages equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions.

25. Article IX, Section 3(a) of the Trust Agreement, with the sanction of Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires payment of attorneys' fees incurred in collection actions,

6

whether a suit has been filed or not, equal to the actual amount billed to the Trustees by their counsel for work performed in connection with the matter.

26. Pursuant to Article IX, Section 3, as amended, interest on unpaid contributions is calculated at the rate of 1.5 percent per month. Prior to May 1, 2013, interest accrued from the first day of the month when the contributions are due until the date payment is received.

**Unpaid Audits**

27. Prior to the filing of this action, NY DUMP TRUCKS agreed to and did submit its pertinent books and records to audit for the period November 3, 2014 through December 27, 2015. The Funds' auditors reviewed the pertinent books and records of NY DUMP TRUCKS and prepared audit #16-1179.

28. Pursuant to the CBA, the Trust Agreement and audit #16-1179, NY DUMP TRUCKS was found to owe at total amount of $64,199.43, consisting of $55,598.73 in delinquent contributions, plus interest calculated through April 25, 2016 in the amount of $7,628.20, plus the costs of the audit in the amount of $972.50.

29. In or about May 11, 2016, the Funds provided a copy of audit #16-1179 to NY DUMP TRUCKS with a demand for payment.

30. On or about July 21, 2016, the Funds made a final demanded for payment on audit #16-1179, prior to referring the matter to outside counsel.

31. To date, audit #16-1179 remains unpaid. Interest continues to accrue on the delinquent contributions until they are received by the Funds.

**Failure to Submit Remittance Reports and Unpaid Contribution**

32. The CBA requires NY DUMP TRUCKS to submit remittance reports and remit contributions for all pay periods on a weekly basis.

33. NY DUMP TRUCKS has submitted remittance reports for the period January 2016 without payments, and has failed to submit remittance reports and to pay contributions to the Funds from April 2016 through the present.

34. To date, NY DUMP TRUCKS has failed to submit the remittance report and pay the required contributions pursuant to those remittance reports and they remain outstanding.

35. NY DUMP TRUCKS is therefore liable for self-reported contributions owed for the period January 2016 and for estimated contributions as determined by the methods set forth in the Trust Agreement for April 2016 through the present.

**Interest on Late Paid Contributions**

36. Pursuant to Article IX, Section 3, as amended, interest on unpaid contributions is calculated at the rate of 1.5 percent per month (18% per annum).

37. NY DUMP TRUCKS failed to timely remit contribution payments to the Funds.

38. These amounts remains outstanding, due and owing.

**Other amounts**

39. On information and belief, additional amounts may continue to become due and owing by the Employer to the Funds during the pendency of this action.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT NY DUMP TRUCKS**

40. Plaintiffs' repeat and reallege each and every allegation contained in paragraphs "1" through "39" as if fully set forth herein.

41. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

8

42.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a) (3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

43.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

   a. the unpaid contributions,
   b. interest on the unpaid contributions,
   c. an amount equal to the greater of-
      i. interest on the unpaid contributions, or
      ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
   d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
   e. such other legal or equitable relief as the court deems appropriate…".

44.     NY DUMP TRUCKS by failing to submit remittance reports and contributions as required by the CBA and the Trust Agreement, and failing to unpaid contributions determined by Audit #16-1179, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that it has failed to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and is, thus, subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement

45.     NY DUMP TRUCKS is also required to pay interest on the unpaid contributions as calculated pursuant to the Trust Agreement, plus liquidated damages, audit costs, attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

46. NY DUMP TRUCKS, by failing: (i) to pay the amounts due, as determined by the audit, upon demand; (ii) submit remittance reports and contributions when due and (iii) to pay the interest and additional damages, as required by the CBA and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that it has failed to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and is, thus, subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Trust Agreement.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANT NY DUMP TRUCKS**

47. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "46" as if fully set forth herein.

48. NY DUMP TRUCKS, by its failure to remit the unpaid contributions as determined by the audit #16-1179 upon demand by the Funds, and failure to submit remittance reports and contributions when due is subject to an injunction ordering it to immediately pay all of the unpaid contributions.

49. NY DUMP TRUCKS is also required to pay the full unpaid contributions, interest on the unpaid contributions from the first day of the month when they were due to the date they are received by the Funds, plus liquidated damages, audit costs, attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), except that for payments due after May 1, 2013, interest is due on contributions shall be due from the date when payment was due to the date when payment was made.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT NY DUMP TRUCKS

50. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "49" as if fully set forth herein.

51. Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

52. By failing to pay the contributions and other amounts owing including interest on the late paid contributions, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

53. By failing to timely pay the contributions and other amounts owing, the Employer has violated the CBA and the Trust Agreement, which is incorporated into the CBA.

54. The Funds are thus entitled under the LMRA Section 301(a), as well as the CBA and the Trust Agreement, to the unpaid contributions, interest on the late paid-contributions, interest on the unpaid contributions, liquidated damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court enter judgment:

1. Ordering NEW YORK DUMP TRUCKS, INC. to (i) submit all missing remittance reports since April 2016, (ii) pay all contributions due pursuant to its remittance reports or estimated contributions in an amount computed under Article IX, sections 1(e) and/or 1(f) of the Trust Agreement, as well as any delinquencies that accrued during the pendency of this action, (iii) pay interest on the unpaid contributions at the rate of 1.5% per month from the first day of the month when the contributions were due through the date of payment,[2] (iii) pay liquidated damages

---

[2] Except that, pursuant to an Amendment to the Trust Agreement, on contributions after May 1, 2013, interest is due "from the date when payment was due to the date when payment was made."

in an amount equal to the greater of (a) interest on the unpaid contributions or (b) 20 percent of the unpaid contributions, (iv) pay the costs incurred in estimating the amounts due, and (v) pay all reasonable attorney fees and costs related to this action; and

    2.    Ordering NEW YORK DUMP TRUCKS, INC. to pay late-payment interest for contribution payments periods which were received by the Funds after the due date; and

    3.    Ordering NEW YORK DUMP TRUCKS, INC.  to pay the Funds their reasonable attorneys' fees and costs, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D); Section 301 of LMRA, and Article IX, Section 3(a) of the Trust Agreement, in an amount to be determined; and

    4.     For such other and further equitable relief as this Court deems appropriate.

Dated: White Plains, New York
       August 29, 2016

                                           Yours, etc.,

                                           TRIVELLA & FORTE, LLP

                                           s/ *Arthur J. Muller III*
                                           _____
                                           ARTHUR J. MULLER III
                                           JONATHAN M. BARDAVID
                                           *Attorneys for Plaintiffs*
                                           1311 Mamaroneck Avenue, Suite 170
                                           White Plains, New York 10605
                                           Tel. No.:  (914) 949-9075

To:    NEW YORK DUMP TRUCKS, INC.
        *Defendant*
        661 Burnside Avenue
        Lawrence, New York 11559